PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE ___Southern___ DISTRICT OF TEXAS

___Houston___ Division

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| SAntiago Rubio | Polunsky Unit-TDCJ-CID |
| **PETITIONER** | **CURRENT PLACE OF CONFINEMENT** |
| (Full name of Petitioner) | |
| | 1214199 |
| VS. | **PRISONER ID NUMBER** |
| Nathaniel Quarterman | |
| **RESPONDENT** | **CASE NUMBER** |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner) | (Supplied by the Clerk of the District Court) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.  Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.  When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.  Petitions that do not meet these instructions may be returned to you.

## PETITION

**What are you challenging?** (Check only one)

☒  A judgment of conviction or sentence,          (Answer Questions 1-4, 5-12 & 20-23)
   probation or deferred-adjudication probation
☐  A parole revocation proceeding.              (Answer Questions 1-4, 13-14, & 20-23)
☐  A disciplinary proceeding.                  (Answer Questions 1-4, 15-19 & 20-23)

**All petitioners must answer questions 1-4:**

1.  Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
    177th Dsitrict Court, Harris County

2.  Date of judgment of conviction: January 9, 2004

3.  Length of sentence: 60 Years

4.  Nature of offense and docket number (if known): Burglary of a Habitation

    #964905

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)

    ☒  Not Guilty     ☐  Guilty     ☐  Nolo contendere

6.  Kind of trial: (Check one)   ☒  Jury     ☐  Judge Only

- 2 -                                    **CONTINUED ON NEXT PAGE**

7. Did you testify at the trial? ☐ Yes ☒ No

8. Did you appeal the judgment of conviction? ☒ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal?

   <u>14th Court of Appeals</u> Cause Number (if known) <u>14-04-00030-CR</u>

   What was the result of your direct appeal (affirmed, modified or reversed): <u>Affirmed</u>

   What was the date of that decision? <u>Affirmed December 23, 2004</u>

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Result: <u>Denied</u>

   Date of result: <u>April 15, 2005</u> Cause Number (if known): <u>PD-3241</u>

   If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☒ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: <u>Court of Criminal Appeals of Texas</u>

    Nature of proceeding: <u>Habeas Corpus</u>

    Cause number (if known): <u>WR-66,402-01</u>

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
    <u>August 18, 2005</u>

    Grounds raised: <u>Ineffective assistance of trial counsel and</u>

    <u>appellate counsel</u>

**- 3 -**    CONTINUED ON NEXT PAGE

Date of final decision: _____12-13-2006_____

Name of court that issued the final decision: __Court of Criminal Appeals__

As to any *second* petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

<u>Date</u> of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

☐  Yes        ☑  No

(a)    If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐  Yes        ☐  No

CONTINUED ON NEXT PAGE

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

☐    Yes                    ☐    No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?            ☐ Yes            ☐ No

16.    Are you eligible for mandatory supervised release?            ☐ Yes            ☐ No

17.    Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

_____

Disciplinary case number: _____

18.    Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time credits?            ☐ Yes            ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

☐    Yes                    ☐    No

If your answer to Question 19 is "yes," answer the following:

Step 1  Result: _____

_____

Date of Result: _____

Step 2  Result: _____

_____

                    CONTINUED ON NEXT PAGE

Date of Result: _____

**All applicants must answer the remaining questions:**

20.    State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

**CAUTION:**
<u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
<u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

- 6 -                                    CONTINUED ON NEXT PAGE

A.   **GROUND ONE:** Conviction obtained by an unconstitutionally empaneled jury by having #7 venireperson on the jury

Supporting FACTS (tell your story briefly without citing cases or law):

Venireperson #7 Ms. Looper stated twice that she would be bias on her deliberation in the case at hand.  This venireperson also sat on the jury as the foreman

B.   **GROUND TWO:** Conviction obtained by an unconstitutionally empaneled jury by having venireperson #46 on the jury

Supporting FACTS (tell your story briefly without citing cases or law):

The record shows that #46, Ms. Lake was bias on the way the petitioner looked because of his tattoos.  Ms. Lake served on the jury and from such petitioner was given an unfair trial from the begining

C.   **GROUND THREE:** Ineffective Assistance of Counsel from not Striking foꝛ Cause #35

Supporting FACTS (tell your story briefly without citing cases or law):

Trial counsel failed to have venire person #35 struck for cause because of her biasness, which resulted in an unfair trial.

CONTINUED ON NEXT PAGE

D.   **GROUND FOUR:** <u>Ineffective Assistance of Appellate counsel for</u>

<u>failing to raise issues for cause of veniremembers #7,35,and 46</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

<u>Appellate counsel failed to raise the above issues for appeal</u>

<u>when these veniremembers were bias and needed to be struck</u>

<u>for cause. #7 and 46 sat on the jury which gave petitioner</u>

<u>an unfair trial</u>

21.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐   Yes        ☒   No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

22.   Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐   Yes        ☒   No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

          CONTINUED ON NEXT PAGE

23.   Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐     Yes                    ☒     No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on
December 20, 2006 _____ (month, date, year).

Executed on December 20, 2006 _____ (date).

X _____
Signature of Petitioner (required)

Petitioner's current address: _____
3872 F.M. 350 South

_____
Livingston, TX. 77351

_____

**-9-**

## GROUND FOR RELIEF CONTINUED

**GROUND NUMBER FIVE**: Ineffective Assistance of Trial Counsel from failure to object to prospective jurors who were biased and were not struck for cause.

**THE FACTS**: Venire persons #7,35 and 46 were not struck for cause when they all expressed a bias against Applicant. #7 and 46 served on the jury.

**GROUND NUMBER SIX**: Failing to have a complete record of trial exhibits, even when requested; namely crime scene statements.

**THE FACTS**: Applicant has requested numerous times for the production of his crime scene statements. Applicant even payed for a complete set of transcripts and no crime scene statements were produced, but were used at trial as exhibits.

**GROUND NUMBER SEVEN**: Abuse of discretion in denying a right to a speedy trial.

**THE FACTS**: Applicant filed a motion for a speedy trial which was denied without a hearing.

**GROUND NUMBER EIGHT**: Ineffective assistance of trial counsel for failing to dismiss as violative of the speedy trial act.

**THE FACTS**: Trial counsel had a duty to convey applicants wishes of speedy trial. Applicant had to file his own motion as best he could from having no law experience. Applicant lost two witnesses from counsels deficiency.

**GROUND NUMBER NINE**: Ineffective assistance of counsel at trial for failing to object to an extraneous offense and failed to instruct the jury to disregard.

**THE FACTS:** Trial counsel never objected to the state illiciting an extraneous offense of murder in front of the jury from their own witness. Trial counsel should have known such an answer was coming when the state asked the question of where is your husband. Trial counsel should have at least filed pretrial motions of limine regarding such issues but counsel had failed to file any motion whatsoever, before, during or after the trial.

**GROUND NUMBER TEN:** Prosecutorial misconduct from illiciting a statement from the states witness of extraneous offense.

**THE FACTS:** The prosecutor knew that the only evidence against the applicant was their sole witness who never wanted to testify against applicant. There was no physical evidence at all, so the prosecutor felt that by labeling applicant as a murderer he could inflame the jurors into convicting applicant.

**GROUND NUMBER ELEVEN:** Ineffective assistance of counsel at trial from failing to visit the crime scene, failing to file pretrial motions of any kind, failing to have a firm command of the facts, failing to object to the interpreter not being sworn in, not conveying applicants needs to the court, not having any type of defense, failing to meet with applicant to have a trial strategy, failing to have the court appoint an investigator, failing to investigate anything prior to trial, failing to prepare for trial and failing to prepare and inform applicant for trial.

**THE FACTS:** The above deficiency allows for a new trial.

**Ground Number Twelve:** Ineffective assistance of counsel on Direct Appeal for not having an extraneous offense error presented for Appellate review, namely Murder.

**The Facts:** Appellate counsel failed to have an extraneous offense of Murder that was said on the stand in front of the jury. Said offense was not in the indictment.

**Ground Number Thirteen:** Ineffective assistance of Appellate counsel for failing to have a speedy trial issue when evidence supported such.

**The Facts:** Applicant was incarcerated over 6 months and asserted his right to a speedy trial to the court without a hearing.

**Ground Number Fourteen:** Failing to envoke an enacting clause, therefore lacking subject matter jurisdiction.

**The Facts:** the State of Texas fails to have an enacting clause on the offense of burglary therefore lacking jurisdiction of such.

**Ground Number Fifteen:** Ineffective Assistance of Appellate counsel for failing to bring up having no enacting clause, therefore lacking subject matter jurisdiction.

**The Facts:** The State of Texas fails to envoke an enacting clause for the offense of burglary of a habitation therefore lacking subject matter jurisdiction, Appellate knew of, or should have known of, the lack thereof.

**Gound Number Sixteen:** Ineffective Assistance of trial counsel for failing to object to having no enacting clause, therefore lacking subject matter jurisdiction.

**The Facts:** Trial counsel failed to object to the offense having no enacting clause.

**Ground Number Seventeen:** Ineffective Assistance of trial counsel from not instructing the jury on a "Proof beyond a reasonable doubt."

**The Facts:** The Prosecutor brought up that the applicant committed murder which was never charged with or convicted of.

**Ground Number Eighteen:** Ineffective Assistance of appellate counsel from not raising that trial counsel was ineffective for not instructing the jury on a "Proof beyond a reasonable doubt' Issue.

**The Facts:** Appellate counsel had a duty to master the record and has failed to do so in this case where the prosecutor brought up an extraneous crime of murder where applicant never did such.

**Ground Number Nineteen:** Trial court erred in admitting irrelevant testimony evidence.

**The Facts:** The trial court allowed, after objection, testimony of an extraneous offense.

**Ground Number Twenty:** The Evidence presented at trial was legally insufficient to sustain the conviction.

**The Facts:** The evidence was insufficient for conviction because the sole witness could not have identified the petitioner.

Santiago Rubio

3842 FM 350 South

Livingston, Tx 77351

3   JAN
NORTH HOUSTON TX 773

U.S. District Court

Houston Division

515 Rusk St.

Houston, Tx

77002

JAN 4 2007